**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **DANIELLE GRAY, as Personal Representative of the Estate of Richard J. Gray, deceased,** | ) | **CASE NO. 1:25-CV-00014** |
| **Plaintiff,** | ) | **JUDGE ROBERT J. JONKER** |
| **-vs.-** | ) | **MAGISTRATE JUDGE MAARTEN VERMAAT** |
| **AMERICAN STEAMSHIP COMPANY, a corporation organized and existing under the laws of the State of New York,** | ) | |
| **Defendant.** | ) | |


**J. PAUL JANES (P43798)**
**MELISSA B. HEINZ (P85710)**
**JENNIFER M. ANTON (P87200)**
GRUEL MILLS NIMS & PYLMAN PLLC
99 Monroe Avenue NW, Suite 800
Grand Rapids, Michigan 49503
Phone: (616) 235-5500
Fax: (616) 235-5550
Email: jpjanes@gmnp.com
mbheinz@gmnp.com
jmanton@gmnp.com
*Attorneys for the Plaintiff Danielle Gray*

**MARKUS E. APELIS (P80275)**
**ADAM C. ZWICKER (P73672)**
**NANCY M. KAMA (P83713)**
GALLAGHER SHARP LLP
211 West Fort Street, Suite 660
Detroit, Michigan 48226
Phone: (313) 962-9160
Fax: (313) 962-9167
Email: mapelis@gallaghersharp.com
azwicker@gallaghersharp.com
nkama@gallaghersharp.com
*Attorneys for the Defendant American Steamship Company*


**DEFENDANT AMERICAN STEAMSHIP COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT OF PLAINTIFF DANIELLE GRAY**

**(JURY DEMAND ENDORSED HEREON)**

Defendant American Steamship Company, by and through its undersigned counsel, and for its answer to the first amended complaint of Plaintiff Danielle Gray, states as follows:

1. American Steamship Company admits the allegations set forth in Paragraph 1 of the plaintiff's first amended complaint.

2. American Steamship Company admits the allegations set forth in Paragraph 2 of the plaintiff's first amended complaint.

3. American Steamship Company admits that the plaintiff and her minor children were dependents of Richard Gray. American Steamship Company states that the allegations set forth in Paragraph 3 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company states that the plaintiff's first amended complaint speaks for itself. American Steamship Company denies all liability to the plaintiff or other beneficiaries on each of the plaintiff's claims.

4. American Steamship Company states that the allegations set forth in Paragraph 4 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company states that the plaintiff's first amended complaint speaks for itself. American Steamship Company denies all liability to the plaintiff or other beneficiaries on each of the plaintiff's claims. Answering further, among the relevant

evidence to be admitted during these proceedings are the following: that on January 17, 2022, Richard Gray was the Second Mate aboard the *M/V Walter J. McCarthy, Jr.*, which vessel at the time was under the command of Captain David Laban; that Mr. Gray was supervising the evolution for raising the anchor to allow the vessel to proceed from its anchorage to a dock at the U.S. Steel facility in Gary, Indiana; that during this evolution, Mr. Gray removed his hardhat and placed his head through a port light on the forward bulkhead of the vessel; that Mr. Gray did this despite having been trained not to do so, having trained others not to do so, and notwithstanding a large, stenciled warning on the bulkhead not to do so, as shown in the accompanying photograph below;



and that, while Mr. Gray had his head through the port hole, a piece of ice broke free from the bow of the vessel, fell, and struck Mr. Gray in the head, causing fatal injuries.

5. American Steamship Company states that the allegations set forth in Paragraph 5 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company states that the plaintiff's first amended complaint appears to attempt to state claims under the Jones Act, 46 U.S.C. § 30104, and the general maritime law of the United States. American Steamship Company states further that the plaintiff alone may make an election to pursue this matter as an admiralty case within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. American Steamship Company denies all liability to the plaintiff or other beneficiaries on each of the plaintiff's claims.

6. American Steamship Company states that the allegations set forth in Paragraph 6 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company agrees that this Court is the proper venue in which to adjudicate the plaintiff's claims.

## GENERAL ALLEGATIONS

7. American Steamship Company restates its answers to Paragraph 1 to Paragraph 6, inclusive, of the plaintiff's first amended complaint, as if American Steamship Company had fully rewritten these answers herein.

8. American Steamship Company admits that it is the beneficial owner and operator of a fleet of U.S.-flagged self-unloading bulk carriers enlisted in Great Lakes service. American Steamship Company denies all other allegations set forth in Paragraph 8 of the plaintiff's first amended complaint to the extent inconsistent with these statements.

9. American Steamship Company states that, in 1973, GATX Corp., a publicly traded corporation, acquired ownership of American Steamship Company. American Steamship Company, however, continued to maintain operational control over its assets and functions, including its vessels and their maritime operations. American Steamship Company denies all other allegations set forth in Paragraph 9 of the plaintiff's first amended complaint to the extent inconsistent with these statements.

10. American Steamship Company denies the allegations set forth in Paragraph 10 of the plaintiff's first amended complaint as stated.

11. American Steamship Company denies the allegations set forth in Paragraph 11 of the plaintiff's first amended complaint as stated. Answering further,

American Steamship Company states that it became the beneficial owner of several new vessels constructed at Bay Shipbuilding Company in the 1970's and 1980's. American Steamship Company denies all allegations set forth in Paragraph 11 of the plaintiff's first amended complaint to the extent inconsistent with these statements.

12. American Steamship Company denies the allegations set forth in Paragraph 12 of the plaintiff's first amended complaint as stated. Answering further, American Steamship Company states that it became the beneficial owner of several new vessels constructed at Bay Shipbuilding Company in the 1970's and 1980's. American Steamship Company denies all allegations set forth in Paragraph 12 of the plaintiff's first amended complaint to the extent inconsistent with these statements.

13. American Steamship Company denies the allegations set forth in Paragraph 13 of the plaintiff's first amended complaint as stated. American Steamship Company states that the specific operations of any particular American Steamship Company vessel depends on a variety of circumstances, but that generally vessels operating on the Great Lakes operate seasonally from the time the U.S. Army Corps of Engineers opens the Soo Locks in Sault Ste. Marie, Michigan, ordinarily in March, until the locks are closed in January.

14. American Steamship Company denies the allegations set forth in Paragraph 14 of the plaintiff's first amended complaint as stated. From January 2007 through December 2019, American Steamship Company's corporate parent had no

other operating subsidiaries engaged in the maritime trades. Instead, all these other operating subsidiaries were engaged in other commercial transportation industries, which different industries had different operational requirements, and thus different financial expenditures. American Steamship Company denies all allegations set forth in Paragraph 14 of the plaintiff's first amended complaint to the extent inconsistent with these statements.

15. American Steamship Company denies the allegations set forth in Paragraph 15 of the plaintiff's first amended complaint as stated. Answering further, American Steamship Company states that on February 7, 2020, GATX Corp. entered into a stock purchase agreement with Rand Logistics, Inc., another Great Lakes maritime transportation company. Rand Logistics acquired ownership of American Steamship Company under the agreement. American Steamship Company, however, continued to maintain operational control over its own assets and functions, including its vessels and their maritime operations. and expanded operational control over the assets and functions of other Rand Logistics operating entities through senior American Steamship Company management having responsibility for combined operations. American Steamship Company states further that the transaction in question closed in May 2020. American Steamship Company denies all allegations set forth in Paragraph 15 of the plaintiff's first amended complaint to the extent inconsistent with these statements.

16. American Steamship Company denies the allegations set forth in Paragraph 16 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

17. American Steamship Company denies the allegations set forth in Paragraph 17 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

18. American Steamship Company denies the allegations set forth in Paragraph 18 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

19. American Steamship Company admits the allegations set forth in Paragraph 19 of the plaintiff's first amended complaint.

20. American Steamship Company denies the allegations set forth in Paragraph 20 of the plaintiff's first amended complaint as stated. Answering further, American Steamship Company states that Richard Gray sailed variously as First Mate and Second Mate aboard the *M/V Walter J. McCarthy, Jr.* during the 2021 navigating season. American Steamship Company denies all allegations set forth in Paragraph 20 of the plaintiff's first amended complaint to the extent inconsistent with these statements.

21. American Steamship Company denies the allegations set forth in Paragraph 21 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

22. American Steamship Company denies the allegations set forth in Paragraph 22 of the plaintiff's first amended complaint as stated.

23. American Steamship Company denies the allegations set forth in Paragraph 23 of the plaintiff's first amended complaint as stated.

24. American Steamship Company denies the allegations set forth in Paragraph 24 of the plaintiff's first amended complaint as stated. Answering further, American Steamship Company states that Richard Gray traveled on January 11, 2022 to join the crew of the *M/V Walter J. McCarthy, Jr.* as Second Mate under the command of Captain David Laban and First Mate Robert Medley. American Steamship Company states further that Mr. Gray boarded the vessel on January 12, 2022 while at her berth in Superior, Wisconsin. American Steamship Company denies all other allegations set forth in Paragraph 24 to the extent inconsistent with these statements.

25. American Steamship Company denies the allegations set forth in Paragraph 25 of the plaintiff's first amended complaint.

26. American Steamship Company denies the allegations set forth in Paragraph 26 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

27. American Steamship Company denies the allegations set forth in Paragraph 27 of the plaintiff's first amended complaint as stated. Specifically, American Steamship Company denies that weather conditions or forecasts were unfavorable or otherwise unsuitable for cargo operations or navigation. American Steamship Company also denies that First Mate Rober Medley had inadequate cold weather experience on the Great Lakes. American Steamship Company denies all allegations set forth in Paragraph 27 of the plaintiff's first amended complaint to the extent inconsistent with these statements.

28. American Steamship Company admits the allegations set forth in Paragraph 28 of the plaintiff's first amended complaint.

29. American Steamship Company admits the allegations set forth in Paragraph 29 of the plaintiff's first amended complaint.

30. American Steamship Company admits the allegations set forth in Paragraph 30 of the plaintiff's first amended complaint.

31. American Steamship Company denies the allegations set forth in Paragraph 31 of the plaintiff's first amended complaint as stated.

32. American Steamship Company denies the allegations set forth in Paragraph 32 of the plaintiff's first amended complaint as stated.

33. American Steamship Company denies the allegations set forth in Paragraph 33 of the plaintiff's first amended complaint as stated.

34. American Steamship Company admits the allegations set forth in Paragraph 34 of the plaintiff's first amended complaint.

35. American Steamship Company denies the allegations set forth in Paragraph 35 of the plaintiff's first amended complaint as stated.

36. American Steamship Company denies the allegations set forth in Paragraph 36 of the plaintiff's first amended complaint as stated.

37. American Steamship Company denies the allegations set forth in Paragraph 37 of the plaintiff's first amended complaint as stated.

38. American Steamship Company admits the allegations set forth in Paragraph 38 of the plaintiff's first amended complaint. Answering further, American Steamship Company states that the mate on watch would have been the senior officer in charge of the deployment of the anchor and overseeing the anchor deployment evolution.

39. American Steamship Company admits the allegations set forth in Paragraph 39 of the plaintiff's first amended complaint.

40. American Steamship Company denies the allegations set forth in Paragraph 40 of the plaintiff's first amended complaint as stated.

41. American Steamship Company admits the allegations set forth in Paragraph 41 of the plaintiff's first amended complaint.

42. American Steamship Company denies the allegations set forth in Paragraph 42 of the plaintiff's first amended complaint as stated.

43. American Steamship Company denies the allegations set forth in Paragraph 43 of the plaintiff's first amended complaint as stated.

44. American Steamship Company denies the allegations set forth in Paragraph 44 of the plaintiff's first amended complaint as stated.

45. American Steamship Company admits the allegations set forth in Paragraph 45 of the plaintiff's first amended complaint.

46. American Steamship Company admits the allegations set forth in Paragraph 46 of the plaintiff's first amended complaint.

47. American Steamship Company denies the allegations set forth in Paragraph 47 of the plaintiff's first amended complaint as stated. Answering further, American Steamship Company states that Captain Laban assigned Richard Gray to oversee AB Watchman John Richardson and supervise the evolution for raising of the vessel's anchor in preparation for departure and arrival into Gary, Indiana.

American Steamship Company denies all allegations set forth in Paragraph 47 of the plaintiff's first amended complaint to the extent inconsistent with these statements.

48. American Steamship Company admits the allegations set forth in Paragraph 48 of the plaintiff's amended complaint.

49. American Steamship Company denies the allegations set forth in Paragraph 49 of the plaintiff's first amended complaint, including all subparts thereof.

50. American Steamship Company denies the allegations set forth in Paragraph 50 of the plaintiff's first amended complaint as stated.

51. American Steamship Company denies the allegations set forth in Paragraph 51 of the plaintiff's first amended complaint as stated.

52. American Steamship Company admits the allegations set forth in Paragraph 52 of the plaintiff's first amended complaint.

53. American Steamship Company denies the allegations set forth in Paragraph 53 of the plaintiff's first amended complaint.

54. American Steamship Company states that the allegations set forth in Paragraph 54 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. American Steamship Company states further that the select drawings included in Exhibit 1 to the plaintiff's first amended complaint speak for themselves.

55. American Steamship Company denies the allegations set forth in Paragraph 55 of the plaintiff's first amended complaint, including all subparts thereof.

56. American Steamship Company admits the allegations set forth in Paragraph 56 of the plaintiff's first amended complaint.

57. American Steamship Company admits the allegations set forth in Paragraph 57 of the plaintiff's first amended complaint.

58. American Steamship Company denies the allegations set forth in Paragraph 58 of the plaintiff's first amended complaint as stated, including all subparts thereof. Answering further, American Steamship Company states that Mr. Gray chose, but was not required, to utilize on or both port lights on the forward bulkhead of the anchor windlass room to observe the anchor.

59. American Steamship Company denies the allegations set forth in Paragraph 59 of the plaintiff's first amended complaint as stated. Answering further, American Steamship Company states that each mate on watch, responsible for carrying out and supervising an anchor evolution, would conduct that evolution differently depending upon the prevailing circumstances.

60. American Steamship Company denies the allegations set forth in Paragraph 60 of the plaintiff's first amended complaint as stated. Answering further,

American Steamship Company states that Mr. Gray was the seniormost licensed mariner in charge of supervising and carrying out the anchor evolution.

61. American Steamship Company denies the allegations set forth in Paragraph 61 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

62. American Steamship Company denies the allegations set forth in Paragraph 62 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

63. American Steamship Company denies the allegations set forth in Paragraph 63 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

64. American Steamship Company admits the allegations set forth in Paragraph 64 of the plaintiff's first amended complaint.

65. American Steamship Company denies the allegations set forth in Paragraph 65 of the plaintiff's first amended complaint as stated. Answering further, American Steamship Company states that Capt. David Laban ordered the crew to respond to the accident that had occurred.

66. American Steamship Company denies the allegations set forth in Paragraph 66 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

67. American Steamship Company admits that crew members reported to Capt. Laban that Mr. Gray was seriously injured.

68. American Steamship Company admits that Capt. Laban sounded the general alarm.

69. American Steamship Company admits that Capt. Laban informed the United States Coast Guard that a serious accident had occurred and requested assistance in facilitating medical response to the accident, including medical evacuation by helicopter if possible. Answering further, American Steamship Company states that First Mate Robert Medley and Third Mate Katherine Green also communicated with the U.S. Coast Guard and first responders.

70. American Steamship Company admits the allegations set forth in Paragraph 70 of the plaintiff's first amended complaint.

71. American Steamship Company denies the allegations set forth in Paragraph 71 of the plaintiff's first amended complaint as stated. Answering further, American Steamship Company states that Capt. Laban, in consultation with a U.S. Coast Guard flight surgeon and other first responders, made for the port at Gary, Indiana with all due haste. American Steamship Company states further that Capt. Laban and First Mate Robert Medley communicated with shoreside personnel to ensure that emergency medical personnel were standing by at the dock upon the vessel's arrival at Gary, Indiana to immediately tend to Mr. Gray. American

Steamship Company states further that, while aboard, the vessel's crew immediately responded to the anchor windlass room and provided emergency medical care for Mr. Gray. American Steamship Company denies all allegations set forth in Paragraph 71 of the plaintiff's first amended complaint, or otherwise, to the extent in consistent with these statements.

72. American Steamship Company denies the allegations set forth in Paragraph 72 of the plaintiff's first amended complaint.

73. American Steamship Company denies the allegations set forth in Paragraph 73 of the plaintiff's first amended complaint.

74. American Steamship Company admits that Third Mate Katherine Green notified U.S. Steel personnel that an accident had occurred and requested assistance in facilitating medical response to the accident.

75. American Steamship Company denies the allegations set forth in Paragraph 75 of the plaintiff's first amended complaint as stated.

76. American Steamship Company denies the allegations set forth in Paragraph 76 of the plaintiff's first amended complaint as stated.

77. American Steamship Company denies the allegations set forth in Paragraph 77 of the plaintiff's first amended complaint as stated.

78. American Steamship Company denies the allegations set forth in Paragraph 78 of the plaintiff's first amended complaint as stated.

79. American Steamship Company denies the allegations set forth in Paragraph 79 of the plaintiff's first amended complaint.

80. American Steamship Company admits that Mr. Gray was able to respond to questions and commands after sustaining his injury.

81. American Steamship Company denies the allegations set forth in Paragraph 81 of the plaintiff's first amended complaint as stated, including all subparts thereof.

82. American Steamship Company admits that Mr. Gray was conscious for a period of time following the accident. American Steamship Company denies any other allegation set forth in Paragraph 82 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

83. American Steamship Company denies the allegations set forth in Paragraph 83 of the plaintiff's first amended complaint as stated.

84. American Steamship Company denies the allegations set forth in Paragraph 84 of the plaintiff's first amended complaint.

85. American Steamship Company denies the allegations set forth in Paragraph 85 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

86. American Steamship Company denies the allegations set forth in Paragraph 86 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

87. American Steamship Company denies the allegations set forth in Paragraph 87 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

88. American Steamship Company denies the allegations set forth in Paragraph 88 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

89. American Steamship Company denies the allegations set forth in Paragraph 89 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

90. American Steamship Company denies the allegations set forth in Paragraph 90 of the plaintiff's first amended complaint as stated.

91. American Steamship Company denies the allegations set forth in Paragraph 91 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

92. American Steamship Company denies the allegations set forth in Paragraph 92 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

93. American Steamship Company denies the allegations set forth in Paragraph 93 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

94. American Steamship Company denies the allegations set forth in Paragraph 94 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

95. American Steamship Company denies the allegations set forth in Paragraph 95 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

96. American Steamship Company denies the allegations set forth in Paragraph 96 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

97. American Steamship Company denies the allegations set forth in Paragraph 97 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

98. American Steamship Company denies the allegations set forth in Paragraph 98 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

99. American Steamship Company denies the allegations set forth in Paragraph 99 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

100. American Steamship Company denies the allegations set forth in Paragraph 100 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

101. American Steamship Company admits that Mr. Gray died, but denies all other allegations set forth in Paragraph 101 of the plaintiff's first amended complaint as stated. Answering further, American Steamship Company states that the vessel's crew rendered emergency medical care to Richard Gray, but that tragically, Mr. Gray died of his injuries. American Steamship Company denies all allegations set forth in Paragraph 101 of the plaintiff's first amended complaint to the extent in consistent with these statements.

102. American Steamship Company denies the allegations set forth in Paragraph 102 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

103. American Steamship Company denies the allegations set forth in Paragraph 103 of the plaintiff's first amended complaint for want of information sufficient to form a belief as to the truth of these allegations.

## COUNT I – NEGLIGENCE AND UNSEAWORTHINESS PER SE

104. American Steamship Company restates its answers to Paragraph 1 to Paragraph 103, inclusive, of the plaintiff's first amended complaint, as if American Steamship Company had fully rewritten these answers herein.

105. American Steamship Company states that the allegations set forth in Paragraph 105 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company admits that the *M/V Walter J. McCarthy, Jr.* is a certificated and inspected vessel pursuant to applicable U.S. Coast Guard regulations.

106. American Steamship Company states that the allegations set forth in Paragraph 106 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company states that Richard Gray, as a Jones Act mariner, is afforded certain legal remedies, but denies that all U.S. Coast Guard regulations are applicable to Mr. Gray's service as Second Mate aboard the *M/V Walter J. McCarthy, Jr.*

107. American Steamship Company states that the allegations set forth in Paragraph 107 of the plaintiff's first amended complaint, including all subparts thereof, constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company denies the allegations set forth

in Paragraph 107 of the plaintiff's first amended complaint, including all subparts thereof.

108. American Steamship Company denies the allegations set forth in Paragraph 108 of the plaintiff's first amended complaint, including all subparts thereof. Answering further, American Steamship Company states that the regulations to which the plaintiff cites are inapplicable to the service of the *M/V Walter J. McCarthy, Jr.* or do not otherwise apply as the plaintiff alleges. American Steamship Company states further that American Steamship Company had implemented large, stenciled warnings in red letters to clearly reinforce American Steamship Company's safe operating practices, reminding all mariners not to place their head through the forward port lights. American Steamship Company denies all allegations set forth in Paragraph 108 to the extent inconsistent with these statements.

109. American Steamship Company denies the allegations set forth in Paragraph 109 of the plaintiff's first amended complaint.

110. American Steamship Company denies the allegations set forth in Paragraph 110 of the plaintiff's first amended complaint.

111. American Steamship Company states that the allegations set forth in Paragraph 111 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American

Steamship Company denies the allegations set forth in Paragraph 111 of the plaintiff's first amended complaint.

112. American Steamship Company denies the allegations set forth in Paragraph 112 of the plaintiff's first amended complaint.

113. American Steamship Company states that the allegations set forth in Paragraph 113 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company denies the allegations set forth in Paragraph 113 of the plaintiff's first amended complaint.

**COUNT II – JONES ACT NEGLIGENCE**

114. American Steamship Company restates its answers to Paragraph 1 to Paragraph 113, inclusive, of the plaintiff's first amended complaint, as if American Steamship Company had fully rewritten these answers herein.

115. American Steamship Company states that the allegations set forth in Paragraph 115 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company states that the Jones Act sets forth the scope of American Steamship Company's legal obligation to its crew members with respect to this claim. American Steamship Company denies all allegations set forth in Paragraph

115 of the plaintiff's first amended complaint to the extent inconsistent with this statement.

116. American Steamship Company states that the allegations set forth in Paragraph 116 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company states that the Jones Act sets forth the scope of American Steamship Company's legal obligation to its crew members with respect to this claim. American Steamship Company denies all allegations set forth in Paragraph 116 of the plaintiff's first amended complaint to the extent inconsistent with this statement.

117. American Steamship Company denies all allegations set forth in Paragraph 117 of the plaintiff's first amended complaint.

118. American Steamship Company denies all allegations set forth in Paragraph 118 of the plaintiff's first amended complaint.

119. American Steamship Company denies all allegations set forth in Paragraph 119 of the plaintiff's first amended complaint, including all subparts thereof.

120. American Steamship Company states that the allegations set forth in Paragraph 120 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American

Steamship Company denies the allegations set forth in Paragraph 120 of the plaintiff's first amended complaint.

121. American Steamship Company states that the allegations set forth in Paragraph 121 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company denies the allegations set forth in Paragraph 121 of the plaintiff's first amended complaint.

**<u>COUNT III – UNSEAWORTHINESS CLAIM</u>**

122. American Steamship Company restates its answers to Paragraph 1 to Paragraph 121, inclusive, of the plaintiff's first amended complaint, as if American Steamship Company had fully rewritten these answers herein.

123. American Steamship Company states that the allegations set forth in Paragraph 123 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company states that the general maritime law of the United States sets forth the scope of American Steamship Company's legal obligation to its crew members with respect to this claim. American Steamship Company denies all allegations set forth in Paragraph 123 of the plaintiff's first amended complaint to the extent inconsistent with this statement.

124. American Steamship Company states that the allegations set forth in Paragraph 124 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company states that the general maritime law of the United States sets forth the scope of American Steamship Company's legal obligation to its crew members with respect to this claim. American Steamship Company denies all allegations set forth in Paragraph 124 of the plaintiff's first amended complaint to the extent inconsistent with this statement.

125. American Steamship Company states that the allegations set forth in Paragraph 125 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company states that the general maritime law of the United States sets forth the scope of American Steamship Company's legal obligation to its crew members with respect to this claim. American Steamship Company denies all allegations set forth in Paragraph 125 of the plaintiff's first amended complaint to the extent inconsistent with this statement.

126. American Steamship Company denies the allegations set forth in Paragraph 126 of the plaintiff's first amended complaint, including all subparts thereof.

127. American Steamship Company denies the allegations set forth in Paragraph 127 of the plaintiff's first amended complaint.

128. American Steamship Company states that the allegations set forth in Paragraph 128 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company denies the allegations set forth in Paragraph 128 of the plaintiff's first amended complaint.

**<u>COUNT IV – WILLFUL AND WANTON BREACH OF DUTY TO PROVIDE MEDICAL CARE</u>**

129. American Steamship Company restates its answers to Paragraph 1 to Paragraph 128, inclusive, of the plaintiff's first amended complaint, as if American Steamship Company had fully rewritten these answers herein.

130. American Steamship Company admits the allegations set forth in Paragraph 130 of the plaintiff's first amended complaint.

131. American Steamship Company states that the allegations set forth in Paragraph 131 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company states that the general maritime law of the United States sets forth the scope of American Steamship Company's legal obligation to its crew members with respect to this claim. American Steamship Company denies all

allegations set forth in Paragraph 131 of the plaintiff's first amended complaint to the extent inconsistent with this statement.

132. American Steamship Company denies the allegations set forth in Paragraph 132 of the plaintiff's first amended complaint as stated.

133. American Steamship Company admits that Capt. Laban was aware of the serious nature of Mr. Gray's injuries and further states that Capt. Laban took all appropriate actions in response to the information known to him, including delivery of Mr. Gray to professional medical providers at the earliest possible opportunity. American Steamship Company denies all allegations set forth in Paragraph 133 of the plaintiff's first amended complaint to the extent inconsistent with these statements.

134. American Steamship Company denies the allegations set forth in Paragraph 134 of the plaintiff's first amended complaint.

135. American Steamship Company denies the allegations set forth in Paragraph 135 of the plaintiff's first amended complaint.

136. American Steamship Company states that the allegations set forth in Paragraph 136 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company denies the allegations set forth in Paragraph 136 of the plaintiff's first amended complaint.

137. American Steamship Company denies the allegations set forth in Paragraph 137 of the plaintiff's first amended complaint.

138. American Steamship Company denies the allegations set forth in Paragraph 138 of the plaintiff's first amended complaint as stated.

139. American Steamship Company states that the allegations set forth in Paragraph 139 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company denies the allegations set forth in Paragraph 139 of the plaintiff's first amended complaint.

140. American Steamship Company denies the allegations set forth in Paragraph 140 of the plaintiff's first amended complaint.

141. American Steamship Company states that the allegations set forth in Paragraph 141 of the plaintiff's first amended complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, American Steamship Company denies the allegations set forth in Paragraph 141 of the plaintiff's first amended complaint.

## FURTHER AND ADDITIONAL DEFENSES

1. The plaintiff has failed to state a legally sufficient claim upon which the Court may grant relief against American Steamship Company.

2. The doctrine of unseaworthiness does not provide a viable cause of action for crew personal injuries under the general maritime law.

3. The doctrines of maintenance and cure do not provide a viable cause of action for the damages the plaintiff seeks, including attorneys' fees, litigation expenses, and punitive damages, under the facts and circumstances of this action

4. The expiration of the statute of limitations bars or otherwise limits the plaintiff from recovery.

5. The doctrines of waiver, estoppel, laches, *in pari delicto*, ratification, avoidable consequences and/or unclean hands bar or otherwise limit the plaintiff from recovery.

6. The Primary Duty Rule bars or otherwise limits the plaintiff from recovery.

7. The claimed injuries and damages to the plaintiff or the plaintiff's beneficiaries or the plaintiff's decedent, if any, were caused in whole or in substantial part by an intervening and/or superseding cause, relieving American Steamship Company from any liability.

8. The claimed injuries and damages to the plaintiff or the plaintiff's beneficiaries or the plaintiff's decedent, if any, were caused in whole or in substantial part by an Act of God, relieving American Steamship Company from any liability.

9. The claimed injuries and damages to the plaintiff or the plaintiff's beneficiaries or the plaintiff's decedent, if any, were caused in whole or in substantial part by an unavoidable accident, relieving American Steamship Company from any liability.

10. The claimed injuries and damages to the plaintiff or the plaintiff's beneficiaries or the plaintiff's decedent, if any, were caused in whole or in substantial part by an open and obvious condition, known to the plaintiff, relieving American Steamship Company from any liability.

11. The negligence or other wrongful conduct of the plaintiff's decedent, which negligence or other wrongful conduct otherwise contributed to the claimed injuries and damages to the plaintiff or the plaintiff's beneficiaries or the plaintiff's decedent claimed injuries and damages, if any, bars or otherwise limits the plaintiff from recovery.

12. The negligence or other wrongful conduct of another, which negligence or other wrongful conduct caused or otherwise contributed to the claimed injuries and damages to the plaintiff or the plaintiff's beneficiaries or the plaintiff's decedent, if any, bars or otherwise limits the plaintiff from recovery.

13. A percentage of negligence or other culpable conduct is attributable to individuals or entities from whom the plaintiff may or may not have sought recovery.

14. The plaintiff has failed to mitigate her damages, which failure bars or otherwise limits the plaintiff from recovery.

15. American Steamship Company is entitled to a setoff, recoupment, or other credit toward any eventual settlement, judgment, or award as a result of payments previously made to the plaintiff.

16. American Steamship Company relies on defenses available to it pursuant to MCL § 600.2956, MCL § 600.2957, and MCL§ 600.2959.

17. American Steamship Company reserves the right to allege additional affirmative defenses as they are discovered and incorporates such additional affirmative defenses yet to be discovered.

**WHEREFORE,** having fully answered, Defendant American Steamship Company prays that the Court enter judgment in favor of American Steamship Company and against Plaintiff Danielle Gray on each of the plaintiff's claims for relief, prays further that the Court allow American Steamship Company to go hence and recover its costs incurred herein, including expenses and reasonable attorneys' fees, and prays further still for all relief that the Court deems necessary, just, and proper.

Respectfully submitted,

Dated: August 27, 2026

*/s/ Markus E. Apelis*
**MARKUS E. APELIS (P80425)**
**ADAM C. ZWICKER (P73672)**
**NANCY M. KAMA (P83713)**
GALLAGHER SHARP LLP
211 West Fort Street, Suite 660
Detroit, Michigan 48226
Phone: (313) 962-9160
Fax: (313) 962-9167
Email:mapelis@gallaghersharp.com
azwicker@gallaghersharp.com
nkama@gallaghersharp.com
*Attorneys for the Defendant*
*American Steamship Company*

# **JURY DEMAND**

Defendant American Steamship Company, by and through its undersigned counsel and pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury on all issues so triable before the maximum number of jurors permitted by law.

*/s/ Markus E. Apelis* .
**MARKUS E. APELIS (P80425)**
**ADAM C. ZWICKER (P73672)**
**NANCY M. KAMA (P83713)**
*Attorneys for the Defendant*
*American Steamship Company*

# CERTIFICATE OF SERVICE

The foregoing **Defendant American Steamship Company's Answer to First Amended Complaint of Plaintiff Danielle Gray** was electronically filed with the Court on Thursday August 27, 2026. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system. Parties may access this filing through the Court's case management and electronic case filing system.

*/s/ Markus E. Apelis* .
**MARKUS E. APELIS (P80425)**
**ADAM C. ZWICKER (P73672)**
**NANCY M. KAMA (P83713)**
*Attorneys for the Defendant*
*American Steamship Company*